■    MAY ZALMANOFF, Appellant, v. THEODORE BECKER, Respondent.— Plaintiff appeals from a judgment of the Albany County Court which affirmed a judgment of the Albany City Court in an action based upon a lease. The defendant rented the lower flat of a house owned by the plaintiff under a one-year written lease which contained among others the following clause: " Lessee agrees to protect the interior of the premises, including the water pipes and plumbing work and fixtures, against damage by frost." The defendant and his family vacated the flat on December 30, 1955, to go to New York City for the weekend. He testified when he left the apartment the doors and windows were locked, the heater running normally and the thermostat set between 65–70 degrees. When he returned on January 2, 1956, he found the radiators frozen or cracked and other damage stipulated by the parties in the amount of $446.87. He had no explanation for the cause of the heat failure, testifying the fuel tank was five-eighths full when he examined it upon his return. A plumber called on his behalf stated the thermostat could not be set below 55 degrees. Another witness, qualified as a heating expert, testified that whatever the cause of the furnace failure, it was not possible to have anticipated it. The plaintiff owner offered no evidence as to the cause of the heat failure but the testimony adduced on her behalf showed that a similar mishap occurred to the heating system of the upper flat. Plaintiff seeks to recover on the theory that the clause in the lease stated that the tenant would *protect* the premises and thus became an insuror of the lower flat. There are other aspects of the lease of considerable consequence to the rights of the parties. A further clause therein reads: " That at the expiration of the lease    *   *   *   he, his representatives, assigns and undertenants will    *   *   *   surrender the said premises and furniture and chattels    *   *   *   to the said lessor, his representatives or assigns in good state and condition as they were at the commencement thereof, reasonable use thereof and damage by the elements, when not resulting from fault or negligence of the lessee or those for whom he is responsible, excepted." Both of the above sections of the lease were part of a printed form and in seeking to determine the intentions of the parties as to any covenant to repair on the part of the occupant, the sections must be read together. If the first clause could be interpreted as a covenant to repair, the second clause sufficiently limits liability to be effective only in the event of fault or negligence on the part of the lessee occupant. There is a complete failure of proof here as to any negligence or fault. If the defendant was to be held responsible under the facts herein, it would impose on him a constant obligation when away from the apartment to have periodic checks made to see that the heating system was operating and even then a defective condition might develop which periodic checks would not prevent. Certainly such an obligation was not the intent of either of the parties at the time of entering into the written lease. There is a further facet to be considered. The duration of the lease was for a period of one year and ordinarily it would be assumed that a tenant would not be expected to replace equipment which might become defective during the term thereof. In *455 Seventh Ave.* v. *Hussey Realty Corp.* (295 N. Y. 166) the court said at page 172: " No additional liability will be imposed upon a tenant unless it is clearly within the provisions of the instrument under which it is claimed. If the instrument contains any ambiguity it must be resolved against the landlord and in favor of the tenant ". Judgment unanimously affirmed, with costs to the defendant-respondent. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.